UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

|  |  |
|---|---|
| IN RE LEVAQUIN PRODUCTS LIABILITY LITIGATION | MDL No. 08-1943 (JRT)<br><br>**ORDER** |

Ronald S. Goldser, **ZIMMERMAN REED, PLLP**, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123; Lewis J. Saul, **LEWIS SAUL & ASSOCIATES**, 16th Floor, 75 Rockefeller Plaza, New York, NY 10019; W. Lewis Garrison, Jr. and William L. Bross, **HENINGER GARRISON DAVIS, LLC**, P.O. Box 11310, Birmingham, AL 35202; Yvonne M. Flaherty, **LOCKRIDGE GRINDAL NAUEN, PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Kevin M. Fitzgerald, **LEWIS SAUL & ASSOCIATES, P.C.**, 183 Middle Street, Suite 200, Portland, ME 04101, for plaintiffs.

Tracy J. Van Steenburgh, **HALLELAND LEWIS NILAN & JOHNSON, PA**, 600 US Bank Plaza South, 220 South Sixth Street, Minneapolis, MN 55402; Michael D. Hutchens, Jennifer E. Ampulski, and Bradley J. Lindeman, **MEAGHER & GEER, PLLP**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402; William V. Essig and John Dames, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606-1698; for defendants.

This multidistrict litigation consists of a significant number of cases involving the drug Levaquin. Levaquin is an antibiotic developed, manufactured, and marketed by defendants Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., and Johnson & Johnson Pharmaceutical Research & Development, LLC. The plaintiffs were all prescribed Levaquin, and allege that it causes tendons to rupture. The plaintiffs have now requested that they be allowed to include plaintiffs from the same federal districts on single complaints. Defendants oppose that request.

Joinder of plaintiffs is permissible under Rule 20(a)(1) of the Federal Rules of Civil Procedure where (1) the plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action." "The fact that defendants' conduct is common to all plaintiffs' claims and that the legal issues of duty, breach of duty and proximate cause and resulting harm are common do not satisfy Rule 20's requirements." *In re Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002). "Instead, joinder may be proper only where the plaintiffs' claims arise from the same basic set of facts[,]" for example where the "plaintiffs purchased the alleged defective drug at issue from an identical source, such as from the same doctor or hospital." *Id*. "To simply group plaintiffs by judicial district or to simply group them primarily for filing convenience, would not satisfy the terms required in Rule 20 nor the purpose for which Rule 20 seeks to ease the burden of litigation in groups of similarly situated persons." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, MDL No. 1014, 1995 WL 428683, at *2 (E.D. Pa. 1995).

Here, the plaintiffs' letter brief on this issue suggests that joinder would be efficient, but does not describe the factual circumstances surrounding any of their injuries. (*See* Docket No. 17.) Defendants contend that those differences include the plaintiffs' respective ages, preexisting medical histories, their use of other drugs, and the course of their medical treatment and supervision. (*See* Docket No. 22.) Without some explanation of those differences with reference to specific plaintiffs, the Court is not in a

position to evaluate whether the factual circumstances of plaintiffs' claims are sufficiently similar to satisfy Rule 20. Accordingly, the plaintiffs' request is denied.

The Court notes, however, that defendants have not asked this Court to address any complaints that have already been filed. If the defendants believe that any plaintiffs have been improperly joined in those complaints, they will need to file a motion specifically identifying the complaint at issue and addressing how the complaint fails to satisfy Rule 20.

## ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the plaintiffs' request to join plaintiffs from the same federal districts in single complaints is **DENIED**.

DATED: September 29, 2008  
at Minneapolis, Minnesota.

                                       s/ John R. Tunheim  
                                         JOHN R. TUNHEIM  
                                         United States District Judge