**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: LEVAQUIN PRODUCTS LIABILITY LITIGATION | MDL No. 08-1943 (JRT) |
| —————————————————— | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL** |
| This Document Relates to All Actions | |

Ronald S. Goldser and David M. Cialkowski, **ZIMMERMAN REED, PLLP**, 651 Nicollet Mall, Suite 501, Minneapolis, MN 55402-4123; and Lewis J. Saul, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Suite 200, Portland, ME 04101, for plaintiffs.

John Dames, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606-1698; William H. Robinson, Jr., **LECLAIR RYAN**, 2318 Mill Road, Suite 1100, Alexandria, VA 22314; and Tracy J. Van Steenburgh, **HALLELAND LEWIS NILAN & JOHNSON, PA**, 400 One Financial Plaza, 120 South Sixth Street, Minneapolis, MN 55402, for defendants.

The above-referenced matter is before the Court on plaintiffs' omnibus motion to compel discovery [Docket No. 365]. Based on all of the files, records, and proceedings herein, including the submissions of the parties, **IT IS HEREBY ORDERED:**

**1.** As to plaintiffs' motion to compel defendants to conform the organization of their production relating to Plaintiffs' First Set of Common Issue Requests for Production of Documents to the organization of the documents as maintained in the usual course of business by defendants:

**a.** The Court denies without prejudice plaintiffs' motion, but defendants are under a continuing obligation to produce documents as they are kept in the usual course of business. At this stage of the litigation, the Court does not find that defendants' production of documents fails to comport with the requirements of Federal Rule of Civil Procedure 34(b)(2)(E).

**2.** As to plaintiffs' motion to compel defendants to supplement their answers to Plaintiffs' First Set of Common Issue Interrogatories and plaintiffs' request that the Court deem waived or overruled defendants' "general objections" to common-issue interrogatories:

**a.** The Court concludes that defendants' objections are adequate in light of defendants' supplemental response and letter to plaintiffs, (*see* Saul Decl., Docket No. 368, Ex. 2.20), which specifies the objections that apply to each interrogatory. Accordingly, the Court denies without prejudice plaintiffs' motion to the extent that it requests that the Court deem those objections overruled or waived.

**b.** The Court denies without prejudice plaintiffs' motion to compel defendants to provide substantive responses to common-issue interrogatory numbers 5, 8, 12, 17, and 18, to which defendants referred plaintiffs to the Levaquin New Drug Application ("NDA"). The Court finds that the burden of ascertaining the answer to those interrogatories from the Levaquin NDA will be substantially the same for either party, particularly in light of defendants'

representations that the Levaquin NDA will be available in electronic format and will be text-searchable.

    **c.**    The Court orders Defendants to provide supplemental responses to common-issue interrogatory numbers 9, 12, 18, and 20, by substantively responding to those interrogatories or specifically identifying the responsive documents, including the Levaquin NDA, containing the information requested in those interrogatories. If defendants respond by identifying responsive documents, those supplemental responses must offer sufficient detail to enable plaintiffs to locate and identify the documents as readily as defendants could.

    **d.**    The Court orders defendants to provide supplemental responses to common-issue interrogatory numbers 1 and 15.

**3.**    As to plaintiffs' motion to compel defendants to supplement their document production relating to Plaintiffs' First Set of Common Issue Requests for Production of Documents and plaintiffs' request that the Court deem waived or overruled defendants' "general objections" to common-issue document requests:

    **a.**    The Court finds that defendants have sufficiently stated and preserved objections to the document requests. Accordingly, the Court denies without prejudice plaintiffs' motion to compel to the extent that it requests that the Court deem those objections overruled or waived.

    **b.**    The Court orders defendants to provide supplemental responses to document request numbers 8, 27, and 39 within 21 days of the Court's Order.

Although the Court notes, as above, that referral to the Levaquin NDA is appropriate in certain circumstances, the scope of plaintiffs' requests here encompasses a broader range of documents than those found only in the NDA. Defendants must supplement their responses to those requests and supplement their document production accordingly.

    **c.**    As to plaintiffs' motion to compel defendants to produce documents "relating to the sale, marketing, or regulation of Levaquin outside the United States on the grounds of relevance, burden and breadth," as stated in common-issue document request numbers 9-13, 18-20, 22 and 37,

        **i.**    The Court overrules defendants' objections to these document requests. In particular, the Court finds that any objection to the production of documents relating to foreign sales, marketing, or regulation must be overruled in light of defendants' previous, germane motion to compel plaintiffs to produce documents pertaining to Levaquin that plaintiffs obtained from foreign regulatory authorities. (*See* Docket No. 276.)

        **ii.**    The Court denies without prejudice plaintiffs' motion to the extent that plaintiffs request that the Court order defendants to produce documents regarding the sale, marketing, or regulation of Levaquin outside the United States, as defendants represented to the Court that they have produced any responsive documents in their possession. Defendants, however, have a continuing obligation to produce documents relevant to those document requests.

**d.** As to plaintiffs' motion to compel defendants to produce documents relating to marketing, pricing, sales, revenue, profits and costs as requested in common-issue document request numbers 2 and 43-50:

   **i.** The Court overrules defendants' objections to the production of information, documents, and financial data relating or referring to revenue, sales, profits, or costs for Levaquin, including all pricing information for Levaquin from 1997 to the present. Defendants shall supplement their responses and produce any documents responsive to those requests within 21 days of the Court's Order. Plaintiffs' document requests are relevant to the consideration of damages and defendants may address any concerns about protecting confidential and proprietary information found in responsive documents through the procedures outlined in the Protective Order.

**e.** As to plaintiffs' motion to compel defendants to produce documents relating to Levaquin's "predecessor" drug, Floxin:

   **i.** The Court orders that within 21 days of the Court's Order, defendants shall produce the Floxin NDA by making it available for onsite inspection or by providing specific categories of documents identified by plaintiffs. Defendants shall also produce requested documents from the patent case to which defendants have objected and all documents relating to the Floxin lifecycle management plan. At this stage of the litigation, the Court will not make determinations regarding the similarities between

Floxin and Levaquin, and the Court finds that the requested information is sufficiently relevant to the instant litigation that discovery of responsive documents is appropriate. *See* Fed. R. Civ. P. 26(b)(1).

**4.** As to plaintiffs' motion to compel defendants to supplement and provide fully completed Defendants' Fact Sheets for each potential bellwether plaintiff:

**a.** The Court Orders defendants to supplement their responses to the Defendants' Fact Sheets in the form requested by plaintiffs within 21 days of the Court's Order and notes that defendants have a continuing obligation to provide relevant information to plaintiffs regarding the bellwether plaintiffs, including but not limited to documentation of call notes. Within the same time period, defendants shall produce requested data on prescribing physician prescription practices for Levaquin, information in defendants' possession about individual plaintiffs who have filed a lawsuit, and advertising materials in the market where the prescribing doctor in a specific case practices.

**b.** The Court orders that within 21 days of the Court's Order, defendants shall produce any discoverable documents in the possession of sales representatives who called on bellwether plaintiffs' prescribing doctors, regardless of whether those sales representatives will be deposed.

**5.** As to plaintiffs' motion to compel defendants to remove the "Protected Document" label from documents not contained in the privilege log and to create a log for documents with redactions:

**a.** The Court denies without prejudice plaintiffs' motion to the extent that it requests that the Court order defendants to review documents produced thus far and remove the "Protected Document" label from any documents that do not "clearly and unequivocally" contain privileged information. The parties agreed to a procedure for challenging decisions to designate materials as protected under Paragraph 2 of the Protective Order, and to the extent that plaintiffs wish to challenge certain documents or groups of documents that have been designated as protected, plaintiffs may do so under the guidelines provided in the Protective Order. Defendants have a continuing obligation to designate only appropriate materials as protected in ongoing document production. Given the Court's disposition on this issue, the Court further denies plaintiffs' motion to the extent that it seeks to modify the provisions of the Protective Order.

**b.** The Court denies without prejudice plaintiffs' request that the Court order defendants to prepare a redaction log listing all redacted documents. Plaintiffs have made this request too early in the discovery process – defendants represented that they are currently working on a list documenting the grounds for redacting portions of documents. Further, the Court agrees with defendants that issues regarding the type of information provided in the redaction log can be resolved through the cooperative efforts of both parties, and the Court expects that the parties will be able to arrive at some resolution.

The Court reiterates the necessity of open and fair discovery in this litigation, particularly in light of the fast-approaching bellwether trial dates, and the Court expects that the parties will be able to continue to work cooperatively to resolve future discovery disputes.

DATED: November 25, 2009            _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                   United States District Judge