# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: LEVAQUIN PRODUCTS LIABILITY LITIGATION | MDL No. 08-1943 (JRT) |
| ——————————————— | **ORDER DENYING PLAINTIFFS' MOTION TO CONSOLIDATE** |
| This Document Relates to All Actions | |

This multidistrict litigation ("MDL") is before the Court on plaintiffs' motion for selection and consolidation of bellwether cases for trial. (Docket No. 578.) In their motion, plaintiffs ask that the Court consolidate three of the fifteen initially selected bellwether cases to be consolidated and scheduled for the first bellwether trial. For the reasons set forth below, the Court denies the motion without prejudice.

## BACKGROUND

The Court initially selected fifteen cases for evaluation and initial case-specific fact discovery in the bellwether-selection process. (*See* Pretrial Order No. 4, Docket No. 132.) That number was reduced to fourteen after one of the original bellwether plaintiffs passed away from circumstances unrelated to the present litigation.

The parties indicate that they have conferred on several occasions to select the final group of cases to prepare for trial. In the course of those meetings, the parties agreed (1) that the number of bellwether cases should be reduced by five by postponing the issue of venue transfer under 28 U.S.C. § 1404 for the five cases where such a motion is applicable; (2) that the remaining number of cases should be reduced to serve the

interests of efficiency and to conserve resources; and (3) that two of those nine remaining cases (Douglas Olson and Basil Mroz) should not be included in the final list for trial. Thus, the parties are considering seven remaining bellwether cases for selection for trial: Calvin Christensen, Sharon Johnson, Edward Karkoska, Richard Kirkes, Eugene Martinka, John Schedin, and Clifford Straka. (*See* Pretrial Order No. 4, Docket No. 132.)

Plaintiffs filed this motion for consolidation, asking the Court to consolidate the cases of Calvin Christensen, Richard Kirkes, and John Schedin. Plaintiffs assert that the cases share similar characteristics that are central to this litigation and that consolidation would promote judicial efficiency and the interests of justice, while testing the merits of plaintiffs' arguments. Defendants oppose the motion, arguing that plaintiffs have not met their burden of showing that a consolidated trial's benefits would outweigh individual issues in the case. Specifically, defendants argue that individual issues – including each plaintiff's unique medical history, each prescribing physician's knowledge of tendon injury warnings in the Levaquin package insert, and each plaintiff's alleged injuries – preclude consolidation.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(a)(2) affords the Court broad discretion to consolidate for trial actions involving common questions of law or fact. Fed. R. Civ. P. 42(a)(2); *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a

party." *HBE Corp.*, 135 F.3d at 551. "The party seeking consolidation bears the burden of showing that [consolidation] would promote judicial convenience and economy." *Powell v. Nat'l Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991).

> In considering whether to consolidate actions for trial, the Court should consider:
>
> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources of common factual and legal issues, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Fratzke v. IC Sys., Inc.*, Civ. Nos. 05-1115, 06-232, 2007 WL 1114155, at *2 (D. Minn. Apr. 13, 2007) (internal quotation marks omitted; alteration in original).

## II. ANALYSIS

### A. The Parties' Positions Regarding Consolidation

Plaintiffs contend that consolidation is warranted because the Christensen, Kirkes, and Schedin cases share common legal issues and facts, and common sources of evidence. In particular, plaintiffs assert that the Christensen, Kirkes, and Schedin cases share the following common facts and legal issues:

> (1) the underlying condition for which each of them took Levaquin was a respiratory infection, (2) each took a corticosteroid concomitantly, (3) each is now and was at the time of their Levaquin use and injury a resident of Minnesota and subject to the same choice-of-law rules, (4) they fall within the same age group when factoring for Levaquin risk, (5) the same warning was applicable at the time each Plaintiff made the decision to take Levaquin, (6) they all suffered an Achilles tendon rupture or tear, and (7) they each incurred these injuries before completing their course of Levaquin.

(Pls.' Mem. in Supp. at 8-9, Docket No. 580.)

Plaintiffs also argue that judicial economy will be served by consolidation because common sources of evidence establish the common facts. For example, the same generic expert witnesses will testify on behalf of each individual plaintiff and the regulatory and corporate history of the drug is the same for each plaintiff. (*Id.* at 14.) Because of these commonalities and claimed efficiencies, plaintiffs argue that consolidation of the three cases would save the Court twenty trial days, or four full weeks on the Court's calendar.

Defendants respond that case-specific discovery for the bellwether plaintiffs has demonstrated there will be significant individual factual issues that will be determinative at trial, including:

> (1) what each Plaintiff's prescribing physician knew about the tendon injury warnings that have always been included as part of the Levaquin prescribing information; (2) what dose of Levaquin each physician prescribed to treat each Plaintiff's infection . . . ; (3) each individual Plaintiff's medical history, including their various risk factors for tendon rupture such as age, concomitant medication use including corticosteroids, prior tendon injury, and other factors; and (4) each Plaintiff's injury and what medical intervention, if any, was required to treat each Plaintiff.

(Defs.' Mem. in Opp'n, Docket No. 637 at 2-3.)

Defendants also challenge plaintiffs' recitation of the case-specific facts for the Christensen, Kirkes, and Schedin cases, arguing that the plaintiffs' cases are unique because multiple treating physicians prescribed Levaquin to the individual plaintiffs multiple times, and asserting that the bellwether plaintiffs' injuries are not physiologically similar. (*Id.* at 9-11.) Moreover, defendants argue, consolidation is prejudicial to them because there are complicated causation issues in each case, and multiple plaintiffs would testify regarding similar injuries, which could cause jury

confusion.  *See In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 447 (D.N.J. 19998) ("A consolidated trial . . . would compress critical evidence of specific causation and marketing to a level which would deprive [the defendant] of a fair opportunity to defend itself.").

Defendants ask the Court to deny the motion without prejudice to allow the parties to continue case-specific discovery in the remaining bellwether cases, including conducting depositions of the bellwether plaintiffs' prescribing physicians.  Defendants suggest that the Court may reconsider the order of bellwether cases for trial in April 2010, after the close of discovery.  (Defs.' Mem. in Opp'n at 4, Docket No. 637.)

### B. Judicial Efficiency Will Be Best Served By Denying Plaintiffs' Motion Without Prejudice Pending Completion of Discovery

As an initial matter, the Court notes that there appear to be substantial similarities in the facts and legal issues among the Christensen, Kirkes, and Schedin cases.  The Court also acknowledges that judicial efficiency would likely be served if these cases were consolidated for trial.  Plaintiffs represented at the hearing on this motion that they believed that nearly twenty generic witnesses could be called at a single consolidated trial.  Consolidation would therefore reduce the parties' costs and conserve the Court's time and resources.

At this stage of the MDL, however, consolidation is not merited.  With respect to the consolidation of cases, the Manual for Complex Litigation notes, "If there are few prior verdicts, judgments, or settlements, additional information may be needed to determine whether aggregation is appropriate.  The need for such information may lead a

judge to require a number of single-plaintiff, single-defendant trials, or other small trials." Manual for Complex Litigation § 22.314, at 359 (4th ed. 2004). In a products liability suit involving breast implants, the Texas Supreme Court held that "[u]ntil enough trials have occurred so that the contours of various types of claims within the . . . litigation are known, courts should proceed with extreme caution in consolidating claims." *In re Bristol-Myers Squibb Co.*, 975 S.W.2d 601, 603 (Tex. 1998). The Texas Supreme Court noted that a mass tort is "mature" and consolidation may be appropriate when "there has been full and complete discovery, multiple jury verdicts, and a persistent vitality in the plaintiffs' [contentions]. Typically at the mature stage, little or no new evidence will be developed, significant appellate review of any novel legal issues has been concluded, and at least one full cycle of trial strategies has been exhausted." *Id.* at 603-04 (internal quotation marks omitted; alteration in original).

To date, there are over 240 federal court cases in the MDL and just under 100 state court cases addressing claims similar to those brought by the bellwether plaintiffs. Indeed, this is a large – and still growing – MDL, the exact factual and legal contours of which are still undefined. The parties continue to conduct critical discovery, including deposing plaintiffs' prescribing physicians. The merits of the parties' arguments have not been tested at trial, in dispositive motions, or through some out-of-court resolution. Further, the stakes are high: the initial bellwether trials in this MDL may serve as the basis for the parties' resolution of remaining, pending cases. Thus, although plaintiffs appear to have demonstrated significant commonalities in fact and law among the three individual plaintiffs' cases, this motion is premature. In these circumstances, the parties

should conclude case-specific discovery in the bellwether cases and should fully develop the legal and factual bases for their claims and defenses before the Court ultimately rules on plaintiffs' motion to consolidate.

Accordingly, the Court denies plaintiffs' motion without prejudice. The Court expects that if plaintiffs renew this motion at the close of discovery, the parties will be equipped to provide the Court with a clear synopsis – supported by the record – of the factual underpinnings of each case and a well-defined summary of the legal issues to be presented at trial. At that time, the Court will make its determination as to whether initial consolidation of bellwether trials is the appropriate course of action.

**ORDER**

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that the plaintiffs' Motion for Selection and Consolidation of Bellwether Cases for Trial [Docket No. 578] is **DENIED without prejudice**.

DATED: December 14, 2009  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge