IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

# STATUS CONFERENCE

| | |
|---|---|
| In Re: Levaquin Products Liability Litigation, | **COURT MINUTES** |
| | BEFORE: John R. Tunheim |
| | U.S. District Judge |
| Plaintiff, | |
| | Case No: 08-1943 JRT |
| v. | Date: May 3, 2010 |
| | Deputy: Holly McLelland |
| , | Court Reporter: Kristine Mousseau |
| | Time Commenced: 1:58 p.m. |
| Defendant. | Time Concluded: 3:18 p.m. |
| | Time in Court: 1 Hour and 20 Minutes |

Hearing on: **Status Conference**

    The Court held a formal status conference in *In re Levaquin Products Liability Litigation*, No. 08-md-1943, on May 3, 2010. Appearing on behalf of plaintiffs were Ronald Goldser, Kevin Fitzgerald, Yvonne Flaherty, Troy Giatras, and Caia Johnson in person, and Brian McCormick by telephone. Appearing on behalf of defendants were John Dames, William Robinson, William Essig, William Robinson, and Tracy Van Steenburgh. The topics for the status conference included (1) the number of cases pending and anticipated in the MDL and state courts; (2) federal/state coordination; (3) status of the privilege log motion; (4) plaintiffs' motion to compel; (5) the Karkoska summary judgment motion; (6) proposed pretrial order number 8; (7) bellwether case selection; and (8) discovery status.

    (1) Defense counsel indicated that the defendant has been served in 410 federal cases and 240 New Jersey state court cases, with seven additional state court cases, four of which are in Illinois. Defense counsel also indicated that the cases in Madison County, Illinois are being severed, which will result in a total of approximately twelve cases in Illinois state courts. Plaintiffs' counsel indicated that the website for the New Jersey state court stated as of April 21, 2010, that there are 311 cases there. The discrepancy between the website and defense counsel's number may be attributable to a time lag between filing and service of the defendant.

    (2) The New Jersey state court has stated that it will have its first bellwether trial in January 2011, but the court has not yet set a specific trial date. Plaintiffs' counsel indicated that the New Jersey state court has not yet decided whether the first case will be a single-plaintiff case or a multiple-plaintiff case. Defense counsel added that the New Jersey state court has indicated a preference for a single case for the first trial. The court has selected eight cases for discovery. Four of the eight involve New Jersey plaintiffs, and the remaining four involve New York plaintiffs. Seven of the eight are male, and half are over 60. All of the eight discovery plaintiffs have single Achilles tendon ruptures. Four had respiratory infections, two had urinary tract infections, one had a fever, and the presenting cause for the remaining discovery plaintiff is not currently known. Prescription dates range from early 2002 to mid-2008. The parties plan to proceed with depositions of the plaintiffs and prescribing doctors. The next status conference in New Jersey state court is scheduled for May 18, 2010.

    (3) Magistrate Judge Boylan has issued an order regarding the privilege log motion. Defense counsel will provide the documents and a memorandum of argument on May 4, 2010.

    (4) The Court heard argument on the motion to compel [Docket No. 1202]. During argument, defense counsel described efforts to obtain documents from the twelve allegedly Levaquin-related cases. The Court

denied the motion as moot with respect to *Ortho McNeil v. Mylan*, because defendant has agreed to produce those documents. With respect to the remaining cases, the Court denied the motion, with the exception of the cases in which defense counsel has already initiated some additional review, with respect to which the Court denied the motion as moot. The Court directed defense counsel to report back to the Court regarding those cases. The Court found that plaintiffs had failed to show that the documents in the remaining cases are relevant or reasonably calculated to lead to the discovery of admissible evidence. The Court reminded defense counsel of the defendant's ongoing discovery obligations. With respect to the motion to compel production of an inventory of all documents reviewed but not produced as non-responsive, the Court denied the motion without prejudice. The Court found that the plaintiffs had not established a basis for such an inventory because they had not alleged that the defendants had engaged in any actions that were suspect in any way. The Court further found that plaintiffs had failed to establish that such an inventory would lead to the discovery of admissible evidence.

(5) Plaintiffs agreed to submit their response to the motion by Friday, May 7, 2010. They will continue to seek Dr. Butner's deposition. The Court agreed that if plaintiffs discover any relevant information from Dr. Butner before argument on the motion, plaintiffs may supplement their briefing. Plaintiffs also indicated that with respect to some of the broader issues contained in the motion for summary judgment, they intend to respond substantively as best they can, but also to file a Rule 56(f) motion. The Court directed plaintiffs' counsel to provide a substantive response to the broader issues. The Court indicated that it would review plaintiffs' brief and then determine whether the Court would like to defer ruling on part of the motion for summary judgment. The Court tentatively rescheduled the hearing on the motion from June 7, 2010, to June 22, 2010, at 1:30 pm, with a maximum of 90 minutes total for argument.

(6) The parties have not yet sent the Court a copy of proposed Pretrial Order Number 8. According to defense counsel, proposed PTO 8 would establish a procedure whereby a case will be dismissed at some point after a plaintiff fails to provide a plaintiff fact sheet. Plaintiffs' counsel argued that such a procedure is not necessary. The Court sought further input from counsel regarding acceptable communication to plaintiffs before dismissing a case for failure to provide a plaintiff fact sheet, and indicated a desire to have multiple levels of communication about dismissal for failure to prosecute for failure to submit plaintiff fact sheets.

(7) The parties indicated that they had come closer to an agreement on the selection of bellwether cases, with plaintiffs John Shedeen and Calvin Christiansen mentioned as possible bellwether plaintiffs. Plaintiffs' counsel will submit briefing on consolidation on or before May 12, 2010. Defense counsel will respond by May 26, 2010. Any reply is due on June 2, 2010. Plaintiffs' counsel indicated a desire to suspend fact-specific discovery for some of the potential bellwether plaintiffs. The Court directed the parties to continue with all discovery relating to all of the potential bellwether plaintiffs, including the depositions of approximately twenty fact witnesses that plaintiffs intend to call at trial.

(8) (a) Document Production. Defense counsel indicating that defendant would produce approximately 200,000 pages from the patent case as soon as possible. The first production of financial documents and the last production of sales rep documents will take place on May 7, 2010. The parties indicated a dispute over production of documents from the Omnicare qui tam case out of Boston. Plaintiffs' counsel confirmed that a motion on the issue is forthcoming.

(b) Plaintiffs' Third-Party Subpoenas. Plaintiffs' counsel stated that Aventis is ready to produce 20-30 boxes of documents, and Dr. Levy's deposition will take place in June. Plaintiffs' counsel expects to get further information from Excerpta Medica shortly, but indicated that Excerpta Medica did not do anything for Levaquin. CommonHealth did a substantial number of projects relating to Levaquin beginning in 2005, and according to plaintiffs' counsel that production may take a little time. DesignWrite has 100-150 boxes, and plaintiffs' counsel expects to get production from DesignWrite in the next few weeks. Plaintiffs' counsel intends to take depositions with respect to DesignWrite. Falk Group, another third-party for discovery purposes, has been served with a subpoena in the New Jersey state court litigation, and plaintiffs' counsel intends to duplicate that subpoena in federal court shortly.

(c) Experts. Experts have produced their reports and depositions are in process. The deposition of

Cheryl Bloom, plaintiffs' warning expert, is scheduled for July 9, 2010.  The parties are working on scheduling depositions of other warning experts.  The parties are scheduling a follow-up deposition of Dr. Wells, one of plaintiffs' bio-statisticians.  The parties are scheduling an original deposition of Myron Winkleman, plaintiffs' consumer warning expert.  Plaintiffs have produced case specific expert reports, and defense counsel indicated that Dr. Segreti will likely submit an expert report on all six potential bellwether plaintiffs.  Dr. Segreti's report is due May 15, 2010, and plaintiffs intend to depose him thereafter.

     (d) Case specific discovery.  Defense counsel requested that the parties adopt some sort of formal mechanism to remind plaintiffs that they have an obligation to retain various documents, including patient information sheets and any research the individual plaintiffs have conducted.  Plaintiffs' counsel indicated a willingness to consider defense counsel's request.  The Court indicated that the request seems reasonable.

     The parties scheduled the next status conference, which will be held telephonically, for May 28, 2010, at 1:30 pm.

APPEARANCES:
  Plaintiff:    Ronald Goldser, Kevin Fitzgerald, Yvonne Flaherty,  Caia Johnson, Troy Giatras
  Defendant:   John Dames, Bill Essig, William Robinson, Jr. Tracy Van Steenburgh,

   s/Holly A. McLelland
   Calendar Clerk