## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: LEVAQUIN PRODUCTS LIABILITY LITIGATION  ------------------------------  **This Document Relates to All Actions** | MDL No. 08-1943 (JRT)  ORDER DENYING DEFENDANTS' MOTION TO PROHIBIT CERTAIN *EX PARTE* COMMUNICATIONS WITH TREATING PHYSICIANS |

Ronald S. Goldser, **ZIMMERMAN REED, PLLP**, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; and Lewis J. Saul and Kevin M. Fitzgerald, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Suite 200, Portland, ME 04101, for plaintiff.

Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS, PA**, 120 South Sixth Street, Suite 400 Minneapolis, MN 55402; John D. Winter, **PATTERSON BELKNAP WEBB & TYLER**, 1133 Avenue of the Americas, New York, NY 10036; James B. Irwin, **IRWIN FRITCHIE URQUHART & MOORE, LLC**, 400 Poydras Street, Suite 2700, New Orleans, LA 70130; William V. Essig, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606, for defendants.

The matter before the Court is Defendants' motion to prohibit certain *ex parte* communications between Plaintiffs' counsel and treating physicians. Defendants seek an order prohibiting discussions regarding liability theories, product warnings, Defendants' company documents, and selected scientific literature. Defendants ask that the Court adopt the approach of some other MDL courts that have limited counsel's *ex parte* contact with a plaintiff's physicians.[1]

---

[1] *In re Ortho Evra Prods. Liab. Litig.*, No. 1:06-40000, 2010 WL 320064, at *2 (N.D. Ohio Jan. 20, 2010) ("Plaintiffs' counsel may meet *ex parte* to discuss the physicians' records, course of treatment and related matters, but not as to liability issues or theories, product warnings, Defendant research documents or materials."); *In re NuvaRing Prods. Liab. Litig.*, No. 4:08MD1964, 2009 WL 775442, at *2 (E.D. Mo. Mar. 20, 2009) (Plaintiffs agreed that

(Footnote continued on next page.)

Defendants recognize that Plaintiffs' counsel have the right to meet with their clients' healthcare providers *ex parte* to discuss a particular plaintiff's medical condition, care, and treatment. *See* Minn. Stat. § 144.292, subd. 2.[2] But Defendants argue that Plaintiffs' counsel should not be able to discuss the scientific literature, product labels, or Plaintiffs' theories of liability with the physician. To determine what information the provider does and did possess concerning the treatment of a plaintiff, *see id.*, some discussion of the physician's knowledge of the risks of Levaquin, and when and how they became aware of those risks is appropriate. Clearly delineating the line between this proper questioning and what Defendants characterize as "woodshedding" or "lobbying" is difficult because some discussion of the scientific literature, product labels, or Plaintiffs' theories of liability may be necessary. The Court, moreover, is confident that Plaintiffs' counsel knows which conduct amounts to "woodshedding" or would be unfairly discriminatory and that the Court would not tolerate such conduct. The Court will, therefore, deny Defendants' motion.

Nevertheless, the Court is concerned that Plaintiffs could improperly use a prescribing physician as an expert. *See* Fed. R. Civ. P. 26(a)(2) To the extent that a treating physician is providing testimony about causation and prognosis **not** based on their personal knowledge and observations **obtained during the course of care and**

---

(Footnote continued.)

"[t]he interview should be limited to the particular plaintiff's medical condition at issue in the current litigation.").

[2] Minnesota law applies. "There is no physician-patient privilege in federal diversity actions. Therefore, for federal cases based on diversity jurisdiction, state law controls the existence and scope of the physician-patient privilege." *In re Baycol Prods. Litig.*, 219 F.R.D. 468, 469 (D. Minn. 2003) (internal citations omitted).

**treatment**, that physician should be treated as an expert witness, subject to all appropriate disclosures.  *See Navrude v. United States*, No. C01-4039, 2003 WL 356091, at *7 (N.D. Iowa Feb. 11, 2003).  Plaintiffs' counsel is expected to tailor its conduct accordingly.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Prohibit Certain *Ex Parte* Communications with Treating Physicians [Docket No. 5200] is **DENIED**.

DATED:  August 17, 2012  
at Minneapolis, Minnesota.

                                                           ____s/ John R. Tunheim____  
                                                           JOHN R. TUNHEIM  
                                                           United States District Judge