# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: LEVAQUIN PRODUCTS LIABILITY LITIGATION | MDL No. 08-1943 (JRT) |
| **This Document Relates to:** | |
| LAURA TUMMOLO, | Civil No. 12-2275 (JRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER** |
| JOHNSON & JOHNSON and JANSSEN PHARMACEUTICALS, INC., | |
| Defendants. | |

Kristen N. Sinnott, **DELL & DEAN, PLLC**, 1225 Franklin Avenue, Suite 450, Garden City, NY 11530, for plaintiff.

Cortney G. Sylvester and Tracy J. Van Steenburgh, **NILAN JOHNSON LEWIS PA**, 120 South Sixth Street, Suite 400, Minneapolis, MN 55402, for defendants.

Plaintiff Laura Tummolo brought this action against Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. The action was consolidated with other pending cases in the Levaquin multidistrict litigation. After defense counsel attempted to contact Tummolo and other plaintiffs, the Court ordered Tummolo and a group of plaintiffs to indicate their continued desire to proceed with the action, or risk dismissal. (Order to Show Cause, Feb. 14, 2014, Docket No. 17.) Tummolo did not respond, and the Court dismissed her action on May 6, 2014. (Order Dismissing Cases for Failure to Prosecute, May 6, 2014, Docket No. 18.)

Tummolo now moves the Court to reconsider the dismissal of her action. (Pl.'s Mot. to Reconsider, Mar. 11, 2016, Docket No. 23.) She contends that the law firm that represented her dissolved in 2013, and one of the partners opened a new firm under a new name. (*Id.* ¶ 3.) The new firm likely did not receive the order to show cause because it never updated the contact information on the docket. (*Id.* ¶ 2.) In 2015, Tummolo contacted her attorney, and her attorney learned that her case had been dismissed. (*Id.* ¶¶ 5-6.) Tummolo's attorney then contacted defense counsel, who agreed to discuss Tummolo's case if she submitted her fact sheet. (*Id.* ¶¶ 6-8.) Defense counsel attempted to settle with Tummolo, but Tummolo chose to pursue the present motion instead. (*Id.* ¶¶ 10-11.)

Although Tummolo styles her motion as a "Motion to Reconsider," she has not stated any procedural basis for her motion. The Court interprets her motion as one for relief from judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides for relief from final judgment under six different grounds; the two pertinent here are "(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion made under the first reason must be made "no more than a year after the entry of the judgment or order"; a motion brought under the latter reason must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Motions brought under the Rule 60(b)(6) catchall ground are also mutually exclusive of other Rule 60(b) grounds; the catchall is not a way "to avoid the time limitation otherwise applicable" under the other ground. *Middleton v. McDonald*, 388 F.3d 614, 616-17 (8th Cir. 2004). "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to

litigate his [or her] claim and have prevented the moving party from receiving adequate redress." *Murphy v. Mo. Dep't of Corr.*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005)).

Tummolo's action was dismissed in May 2014, and she filed the present motion in March 2016.  Thus, Tummolo cannot base her motion on the first ground – mistake or excusable neglect – because her motion was filed more than a year after the dismissal. Accordingly, Tummolo would have to rely on the last ground – "any other reason that justifies relief."  But Tummolo's lone argument for Rule 60(b) relief is her attorney's failure to update the contact information found on the docket.  The Court understands this argument as one based on "mistake, inadvertence, surprise, or excusable neglect," the justification found in Rule 60(b)(1), and that argument cannot be recast under Rule 60(b) to avoid the time limitation.  Even considering Tummolo's argument under 60(b)(1) or (6), "neither ignorance nor carelessness on the part of an attorney will provide grounds for 60(b) relief."  *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969).  The Court therefore finds that Tummolo has not shown circumstances warranting relief under Rule 60(b), and the Court will deny her motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Tummolo's Motion to Reconsider [Docket No. 23] is **DENIED**.

DATED: April 25, 2016  
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM  
                                                Chief Judge  
                                          United States District Court